```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ X
  MARIA LANARAS,                                             :
                                  Plaintiff,                 :
                                                             :   20 Civ. 1267 (LGS)
                   -against-                                 :
                                                             :   OPINION AND ORDER
  PREMIUM OCEAN, LLC, et al.,                                :
                                  Defendants.                :
------------------------------------------------------------ :
                                                             X
```

LORNA G. SCHOFIELD, District Judge:

This is an action for breach of contract. On April 23, 2020, certain Defendants filed a pre-motion letter that, following the parties' further submissions, is now construed as a motion to dismiss for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1). For the following reasons, the motion to dismiss is granted.

## I. BACKGROUND

Plaintiff Maria Lanaras filed this action on February 12, 2020, against three limited liability companies ("LLCs") --Premium Ocean, LLC, Out of the Blue Wholesale, LLC and Out of the Blue Seafood, LLC -- and three individuals, comprising Juliana Paparizou, Efraim Bason and Ronit Bason. The Complaint alleges that the basis for the court's jurisdiction is diversity jurisdiction pursuant to 28 U.S.C. § 1332(a). Plaintiff alleges that she is a citizen and resident of Greece and that all Defendants, corporate and individual, are domiciled in New York. The citizenship of an LLC for purposes of diversity jurisdiction is the citizenship of its members. *See Platinum-Montaur Life Scis., LLC v. Navidea Biopharmaceuticals, Inc.*, 943 F.3d 613, 615 (2d Cir. 2019) ("Platinum-Montaur is a limited liability company ("LLC"), which takes the

citizenship of all of its members."). The Complaint alleges that Defendants Ronit Bason and Juliana Paparizou are members of each of the three LLC Defendants.

Movants assert that the Court lacks subject matter jurisdiction because Ms. Ronit Bason is a United States citizen who is domiciled abroad; specifically, that she is not domiciled in New York, but rather in Israel.

On August 14, 2020, the parties were notified that Movants' letter motion for a pre-motion conference would be construed as a motion to dismiss based on a lack of subject matter jurisdiction. The following submissions were considered in deciding the motion: (1) Plaintiff's April 23, 2020, letter opposing the proposed motion to dismiss; (2) Ronit Bason's May 14, 2020, affidavit in support of the motion to dismiss; (3) Ronit Bason's May 15, 2020, declaration; (4) Plaintiff's May 28, 2020, response to Ronit Bason's affidavit with exhibits; and (5) Plaintiff's June 10, 2020, letter replying to Ronit Bason's declaration. Plaintiff's evidence includes the following exhibits:

- Exhibit A – Whitepages background report, as of April 23, 2020, listing Ronit Bason as owner of 7520 Bell Blvd Apt. 6c, Oakland Gardens, NY 11364 ("Bell Residence") beginning June 29, 2006.

- Exhibit B – An indenture dated January 22, 2008, listing Ronit Bason as buyer of 102-09 Lockwood Court, Howard Beach, New York 11414 ("Lockwood Residence") in 2008, and related documents.

- Exhibit C – A Real Property Transaction Record dated April 26, 2020, showing that Ronit Bason bought the Lockwood Residence in 2008.

- Exhibit D – An indenture dated July 15, 2011, showing Ronit Bason sold the Lockwood Residence to R.E. Bason Realty, LLC in 2011, and related documents.

- Exhibit E – An indenture dated September 14, 2016, showing R.E. Bason Realty, LLC, sold the Lockwood Residence to a third party in 2016, and related documents.

- Exhibit F – An indenture dated February 25, 2011, showing R.E. Bason Realty, LLC bought 102-16 Rau Court, Queens, New York 11414 ("Rau Residence") in 2011, and related documents.

- Exhibit G – An indenture dated April 3, 2014, showing R.E. Bason Realty, LLC sold the Rau Residence to a third party in 2014, and related documents.

- Exhibit H – New York Department of State, Division of Corporations database report showing, for the entity Sanwise, LLC, Ronit Bason as the agent for service of process at the Lockwood Residence in 2008, and related documents.

- Exhibit I - New York Department of State, Division of Corporations database report showing the address of service for the entity Premium Ocean, LLC, as the Lockwood Residence in 2012, and related documents.

- Exhibit J – New York Department of State, Division of Corporations database report showing the address of service for the entity R.E. Bason Realty, LLC, as the Bell Residence in 2011, and related documents.

- Exhibit K – Unsigned Pledge and Security Agreement dated January 1, 2019.

- Exhibit L – Whitepages search, dated May 27, 2020, showing Ronit Bason as the owner of the Bell Residence with "Previous Addresses" at 8 locations in New York, and other information.

- Exhibit M – City of New York, Department of Environmental Protection Customer Registration Form for Water and Sewer Billing listing the Bell Residence as Efraim Bason's mailing address on February 25, 2008.

- Exhibit N – An indenture dated February 10, 2008, showing the Bell Residence as Efraim Bason's address in 2008, and related documents.

- Exhibit O – An indenture dated July 15, 2011, showing the Bell Residence as Efraim Bason's home address in 2011, and related documents.

- Exhibit P – Release of Mortgage showing a mortgage release for the borrower, Efraim Bason, for the Bell Residence on March, 18, 2015.

- Exhibit Q – Bankruptcy Petition for Debtor Efraim Bason, dated September 26, 2018, listing the Lockwood Residence as Efraim Bason's home address, and other documents.

- Exhibit R – Affidavit in Opposition sworn to March 2, 2019, by Julian Paparizou, President, Out of the Blue Wholesale, LLC, as plaintiff in opposition to a motion to dismiss for lack of personal jurisdiction, filed in *Out of the Blue Wholesale, LLC v. Pacific American Fish Co., Inc.*, No. 19 Civ. 254 (E.D.N.Y.).

- Exhibit S – Document showing that a social security number was issued to Ronit Bason in New York, 1976.

- Exhibit T – Document showing that a social security number was issued to Isaac Broudo (Ronit Bason's father) in New York, in 1976.

## II.   STANDARD

Diversity jurisdiction exists for civil suits where the amount in controversy is greater than $75,000 and the parties are, as relevant here, "citizens of a State and citizens or subjects of a

foreign state." 28 U.S.C. § 1332(a). Diversity jurisdiction does not exist where one of the parties is a United States citizen domiciled abroad. *See Raymond Loubier Irrevocable Tr. v Loubier*, 858 F3d 719, 722 (2d Cir 2017); *Herrick Co. v. SCS Commc'ns, Inc.*, 251 F.3d 315, 322 (2d Cir. 2001) ("United States citizens domiciled abroad are neither citizens of any state of the United States nor citizens or subjects of a foreign state, so that § 1332(a) does not provide that the courts have [diversity] jurisdiction over a suit to which such persons are parties." (internal quotation marks omitted)). "A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." *John Brady v. Int'l Bhd. of Teamsters, Theatrical Drivers & Helpers Local 817*, 741 F.3d 387, 389 (2d Cir. 2014).

"[T]he party asserting federal jurisdiction bears the burden of establishing jurisdiction, and it must prove jurisdiction by a preponderance of evidence." *Platinum-Montaur*, 943 F.3d at 617 (internal quotation marks omitted). If a party proves an initial domicile that supports the existence of diversity jurisdiction, then the party challenging jurisdiction bears the burden of proving that domicile has been abandoned for a new domicile that precludes jurisdiction. *Herrick*, 251 F.3d at 324. "As a general matter, Plaintiffs must prove complete diversity by a preponderance of the evidence, but a change in domicile by clear and convincing evidence." *Van Buskirk v. United Group of Cos., Inc.*, 935 F.3d 49, 56 n.3 (2d Cir. 2019). "The district court can refer to evidence outside the pleadings when resolving a motion to dismiss under Federal Rule of Civil Procedure 12(b)(1). Evidentiary matters may be presented by affidavit or otherwise." *Broidy Capital Mgt. LLC v. Benomar*, 944 F.3d 436, 441 (2d Cir. 2019) (internal quotation marks and citations omitted).

Citizenship for purposes of diversity jurisdiction is determined by a party's domicile at the time the complaint was filed, and a person has only one domicile at any given moment. *Van Buskirk*, 953 F.3d at 53. A domicile is the place where a person has her true fixed home and principal establishment, and to which, when she leaves it, she has the intent to return. *Id*.

### III. DISCUSSION

The evidence shows Ms. Bason was domiciled in Israel on February 12, 2020, when this lawsuit was filed. While it appears that she may have been domiciled in New York for some period prior to her divorce in 2016 -- and assuming that she was -- clear and convincing evidence shows that she was domiciled in Israel when the Complaint was filed.

Ms. Bason was born in Israel in 1966 and maintains dual citizenship in the United States and Israel. The parties dispute when Ms. Bason first moved to New York. Ms. Bason testifies it was in 1987. Plaintiff argues that it was more likely 1976, based on the date her social security number was issued. Ms. Bason further testifies that she returned to Israel in 2006, and has resided there ever since.

While Ms. Bason may have resided in Israel from time to time since 2006, Plaintiff offers evidence of Ms. Bason's home ownership and business dealings in New York between 2008 and 2016. Ms. Bason and R.E. Bason Realty, LLC, of which Ms. Bason is a member, bought the Lockwood and Rau Residences in 2008 and 2011, respectively, and sold them in 2016 and 2014, respectively. New York State: Division of Corporations documents show that Ms. Bason listed herself as the agent for service of process located at the Lockwood Residence for two LLCs, Sanwise, LLC and Premium Ocean, LLC, of which she was a member. The address for service of process for R.E. Bason Realty, LLC was the Bell Residence. This evidence shows that

between 2008 and 2016, Ms. Bason had a substantial presence in New York and intended to return to New York when she left.

However, the evidence also shows that Ms. Bason has resided in Israel and been domiciled there since some time after her divorce in 2016. She testifies that she lives in Israel with her children and has no plans or expectations of moving to the United States. She typically spends between 30 to 60 days a year in New York, and stays in an apartment she owns in Queens, New York. Her three sons, who live with her in Tel Aviv, attended middle school and high school in Israel. She has worked as a secretary in a high school in Israel for the last eight years and is registered to vote only in Israeli elections. Her doctors and divorce lawyer are in Israel, and she attends synagogue in Israel. This evidence is undisputed and is clear and convincing that Ms. Bason was domiciled in Israel in 2020.

Plaintiff does not dispute that, at least since 2017, Ms. Bason has spent the vast majority of her time living in Israel. Plaintiff instead argues that, when looking at the totality of Ms. Bason's connections to New York, her domicile is still New York. Specifically, Plaintiff points to three categories of evidence: (1) the various real estate transactions Ms. Bason or R.E. Bason Realty, LLC, has engaged in, all occurring prior to 2017; (2) documents that associate Ms. Bason with New York residences, dated from 2012 and earlier; and (3) evidence of the residence of her former husband, whom she divorced in 2016.

Plaintiff offers two pieces of evidence dated after 2017. The first is an unsigned 2019 Pledge and Security Agreement, ostensibly between Ronit Bason and "Maria's Company," containing a clause in which Ms. Basson would waive any claim that courts located in New York, New York, are an inconvenient or improper forum based on lack of venue. The second is an Affidavit signed by Juliana Paparizou, President of Out of the Blue Wholesale, LLC, filed in

another case that was removed to federal court.  As to the latter, the defendant in that case, Pacific American Fish Co., Inc., removed the civil action to the United States District Court for the Eastern District of New York pursuant to 28 U.S.C. § 1332(a).[1]  Plaintiff argues that Ms. Bason's alleged status as a U.S. citizen domiciled abroad would destroy diversity jurisdiction in that case too, but Out of the Blue Wholesale, LLC, chose not to raise that argument.  These two documents do not support the conclusion that Ms. Bason was domiciled in New York in 2020.  First, as to the 2019 Pledge and Security Agreement, Ms. Bason's view that New York is a convenient or desirable forum is insufficient to show that she is domiciled in New York or confer on the Court subject matter jurisdiction.  Second, as to the Affidavit by Juliana Paparizou, Ms. Bason is not a party in that action, and Out of the Blue Wholesale, LLC, does not argue that diversity jurisdiction is proper, only that it does not object to removal.  This filing is immaterial to the issue of whether Ms. Bason is domiciled abroad.  As "it involves a court's power to hear a case, subject-matter jurisdiction cannot be forfeited, waived, or conferred by consent of the parties."  *Platinum-Montaur Life Sciences, LLC v. Navidea Biopharmaceuticals, Inc.*, 943 F.3d 613, 617 (2d Cir. 2019) (internal quotation marks omitted).

Other factors show that Ms. Bason has connections in both New York and Israel.  In both New York and Israel, Ms. Bason pays taxes and has bank accounts, phone numbers and driver's licenses.  Because Ms. Bason has resided in Israel for at least the last 3 years, and all other factors taken as a whole indicate that her life is based in Israel, Ms. Bason's domicile is in Israel.

---

[1] The Court may "take judicial notice of a document filed in another court. . .to establish the fact of such litigation and related filings."  *Rates Technology Inc. v. Speakeasy, Inc.*, 685 F.3d 163, 166 n.3 (2d Cir. 2012) (internal quotations and citation omitted); *accord Weisshaus v. Port Auth. of New York & New Jersey*, 814 Fed.App'x. 643, 646 (2d Cir. 2020) (summary order).

The Court lacks diversity jurisdiction under 28 U.S.C. § 1332(a), and the motion to dismiss is granted.

### IV. CONCLUSION

For the foregoing reasons, the motion to dismiss for lack of subject matter jurisdiction is granted, and the case is dismissed.

The application at Docket No. 62 to commence discovery is denied as moot. The Clerk of Court is respectfully directed to close all open motions and to close the case.

SO ORDERED.

Dated: September 18, 2020
New York, New York

**LORNA G. SCHOFIELD**
**UNITED STATES DISTRICT JUDGE**